## LLOMPART *v.* MOLL.

### APPEAL from the District Court of San Juan.

No. 133.—Decided December 6, 1904.

APPEAL—CASSATION.—An appeal will lie only in those cases in which formerly an appeal in cassation would lie.

ID.—PROVISIONAL MAINTENANCE—EXECUTION OF JUDGMENTS.—A decision of an inferior court rendered subsequently to a judgment requiring a defendant to provide provisional maintenance to his wife and by which decision the court refused to require the husband to make a regular allowance to his wife, by reason of the fact that he had expressed his willingness to receive her into his household, and because of the obligation being optional with the husband, is not an appealable decision inasmuch as it is rendered in compliance with the judgment, and it does not appear that any point is decided which was not controverted in the action, nor decided in the judgment, or which was contrary thereto.

The facts are stated in the opinion.

*Mr. Sarmiento,* for appellant.

*Mr. Freyre Barbosa,* for respondent.

MR. JUSTICE FIGUERAS delivered the opinion of the court.

Attorney Luis Freyre Barbosa, in the name of María Llompart, married to Sebastian Moll, applied to him for provisional maintenance before the District Court of San Juan. The husband contested the application on the ground that he had not abandoned his wife, and added that he is disposed to admit her to his household. The legal formalities having been followed in this proceeding, on August 7th of last year a judgment based on section 218 of the Civil Code was rendered, the final provisions of which read as follows:

"We adjudge that we should sustain, and do sustain, this complaint and in virtue whereof we hold that the defendant is bound to maintain his wife, and it is made optional with him whether he shall pay for the same in cash to the amount of twenty dollars monthly, which is the amount hereby fixed, or receive and maintain his said wife in his own home, without special imposition of costs."

Notice of this judgment was served upon the parties on the day of the month and year above mentioned, and was consented to, because no appeal whatever was taken therefrom.

On the 18th of said month Attorney Antonio Sarmiento, in the name of the husband, Sebastian Moll, presented to the court a written statement to the effect that his client was disposed to receive and maintain his wife in his home.

Notice of said statement was ordered to be served upon the plaintiff who, accepting service of the same, prayed that an order issue to the manager of the Banco Español requiring him to deduct from the monthly salary of Moll, as an employee, the sum of twenty dollars to be delivered to his wife.

On September 16, 1903, the following order was made, to-wit:

"The application is denied because the obligation of the defendant is optional, and it has not been shown that he refused to receive his wife in his home, or to comply with the obligation to maintain her, imposed by the judgment."

A modification of this judgment was prayed for and subsidiarily an appeal was taken, and after the adverse party was heard the first prayer was denied on the same grounds, and the appeal was allowed both for review and stay of proceedings. The record was sent up to this court after citation and summons of the parties, who appeared, they having examined the record on appeal and made their arguments at the hearing.

We will now consider the nature of the decision appealed from in order to determine whether or not the appeal taken lies.

Section 4 of the Act of the Legislative Assembly approved March 12, 1903, the purpose of which was to change the Supreme Court of this Island into a court of appeals, reads as follows:

"In all cases where reference is made in the Law of Civil Procedure to actions in cassation, the same shall be construed to mean actions on appeal."

This means to say, that it has been so constructed in other cases by this court, that an appeal lies in all cases in which an appeal in cassation would lie, and, in *contrariro censu,* that an appeal will not lie in cases where an appeal in cassation would not lie according to law.

Having set down this premise, sight should not be lost of the fact that the appeal was taken from an order entered in compliance with the judgment, and article 1693 of the former Law of Civil Procedure reads as follows:

"No appeal in cassation will lie from orders entered by *audiencias* in proceedings for the execution of judgment, unless substantial points are decided which are not controverted in the action nor decided in the judgment, or which are contradictory thereto."

So, then, if it is not maintained nor even indicated, because it could not have been indicated or maintained, that in the

order appealed from a point not controverted in the action had been decided, or decided in the judgment, or that the decision was contradictory thereto, in accordance with the provisions of article 1693 of the Law of Civil Procedure above cited, this appeal does not lie, and we therefore recommend that the same be dismissed with the costs against the appellant.

*So ordered.*

Chief Justice Quiñones and Justices Hernández, MacLeary, and Wolf concurred.